# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

LUCIUS JONES,                                    :
                                                 :
                    Plaintiff,                   :
                                                 :
        v.                                       : Civ. No. 19-1354-LPS
                                                 :
HOWARD R. YOUNG CORRECTIONAL :
INSTITUTION, et al.,                             :
                                                 :
                    Defendants.                  :

---

Lucius Jones, State Correctional Institution – Coal Township, Coal Township, Pennsylvania.  Pro Se
Plaintiff.

## MEMORANDUM OPINION

May 20, 2020
Wilmington, Delaware



STARK, U.S. District Judge:

## I.     INTRODUCTION

Plaintiff Lucius Jones ("Plaintiff"), an inmate at SCI-Coal Township ("SCI-Coal Township")

in Coal Township, Pennsylvania,[1] filed this action pursuant to 42 U.S.C. § 1983.[2]  (D.I. 2, 14)  He

also raises supplemental claims.  Plaintiff appears *pro se* and has been granted leave to proceed *in*

*forma pauperis*.  (D.I. 6)  He requests counsel.  (D.I. 15, 16)  The Court proceeds to review and screen

the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.    BACKGROUND

On October 9, 2018, Plaintiff, who was housed at SCI-Coal Township, was transferred to

Defendant Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, to

address charges that were lodged against him.  (D.I. 2 at 18)  On December 24, 2018, Plaintiff was

attacked by another inmate and injured.  (*Id.*)  He was immediately taken to the HRYCI medical

department.  (*Id.* at 19)  Plaintiff suffered an injury to his left little finger, a broken right ring finger,

and a smashed left elbow.  (*Id.*)  While in the infirmary, he was under the care of Defendant

Katherine Mitchell ("Mitchell") and Physician's Assistant Jane Doe ("P.A. Doe"), employees of

Defendant Connection Health Services ("Connections").  (D.I. 2 at 19; D.I. 14 at 5)

Plaintiff alleges that Mitchell acknowledged he needed immediate medical attention but did

not provide it and did not seek outside medical treatment.  (D.I. 2 at 19)  Plaintiff was x-rayed on

December 26, 2018, and the x-ray confirmed a fracture and dislocation.  (*Id.*)  Plaintiff alleges that

---

[1] On March 27, 2020, the Court received a letter from Plaintiff that indicated that he was transferred to the HYRCI.  (D.I. 17)  However, Plaintiff did not provide the date of his return to the HRYCI or an SBI prison number for the Delaware Department of Correction; the return address of the envelope is for SCI-Coal Township.

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Mitchell stated that she could not do anything for Plaintiff's injuries.  (*Id.*)  Plaintiff was discharged from the infirmary on December 29, 2018 and placed back in general population.  (D.I. 2 at 20)  His discharge was authorized by the hospital sergeant and Mitchell.  (*Id.* at 20)

From December 26, 2018 until January 9, 2019, Plaintiff was given Motrin for pain.  (*Id.* at 20)  Following his discharge from the infirmary, Plaintiff began submitting grievances for medical treatment and sick call slips.  (*Id.*)  He alleges that he was never seen by medical and his grievances were not answered.  (*Id.*)  Plaintiff alleges that he never received adequate medical care for his injuries.  (*Id.*)  Plaintiff alleges that the policy/procedure/protocol of Defendant Connection Health Services ("Connections") caused, knew, or should have known that the disregard to Plaintiff's health would leave him permanently disfigured.  (D.I. 14 at 6)

On January 9, 2019, Plaintiff was transferred to State Correctional Institution – Chester ("SCI-Chester") in Chester, Pennsylvania.  (D.I. 2 at 21)  Plaintiff alleges that his injuries required his placement on a "medical hold," and he should not have been transferred.  (*Id.*)  Plaintiff alleges that Mitchell did not place him on a "medical hold" and did not transfer his medical records to SCI-Chester.  (*Id.*)  Plaintiff alleges that Defendant District Attorney's Office of Delaware/Officer John/Jane Doe deceitfully transferred him while injured from the State of Delaware to the Commonwealth of Pennsylvania.  (D.I. 14 at 6)

Upon arrival at SCI-Chester, Plaintiff alerted the receiving room sergeant of his injuries. (D.I. 2 at 22)  When Plaintiff arrived at the Pennsylvania Department of Correction, he was forced to sign a waiver that he was not injured in Pennsylvania.  (D.I. 14 at 6)  X-rays were taken, Plaintiff was transferred to the Crozer Medical Center emergency room, and he was informed that surgery was necessary.  (D.I. 2 at 22)  Plaintiff's first surgery took place on January 31, 2019, and a second surgery followed on February 21, 2019.  (*Id.*)  He continues to experience pain in his fingers and in

his elbow.  (*Id.*)  Plaintiff alleges his injuries could have been avoided had he received proper medical treatment at the HRYCI.  (*Id.* at 23)

Plaintiff seeks compensatory and punitive damages.

## III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, __ F.3d. __, No. 19-1684, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 2020 WL 1982194, at *4 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule

12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574  U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.*

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when

4

the facts in the complaint "show" that the plaintiff is entitled to relief.  *See Iqbal*, 556 U.S. at 679

(citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## IV.    DISCUSSION

### A.    Eleventh Amendment

Named Defendants include HRYCI and the Delaware Department of Correction ("DOC").

The DOC is an agency of the State of Delaware, and HRYCI is part of DOC.  The Eleventh

Amendment protects states and their agencies and departments from suit in federal court regardless

of the kind of relief sought.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

"Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that

names the state as a defendant."  *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing

*Alabama v. Pugh*, 438 U.S. 781 (1978)).  Delaware has not waived its immunity from suit in federal

court; although Congress can abrogate a state's sovereign immunity, it did not do so through the

enactment of 42 U.S.C. § 1983.  *See Brooks v. McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan.

11, 2007).  In addition, dismissal is proper because the DOC and HRYCI are not persons for

purposes of § 1983.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Calhoun v. Young*,

288 F. App'x 47 (3d Cir. Aug. 1, 2008).

Accordingly, the Court will dismiss the DOC and HRYCI and the claims against them

pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2), as they are immune from suit.

### B.    Respondeat Superior

To the extent Plaintiff intended to name HRYCI Warden Kolawole Akinbayo ("Akinbayo")

as a defendant, the claim fails.  It is clear that the allegations against Akinbayo are based upon his

supervisory position.

There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved;" personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). In addition, a non-medical prison official must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Accordingly, the Court will dismiss as frivolous the claims against Akinbayo based upon his supervisory position, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**C.    Transfer**

Plaintiff alleges that his rights were violated by Defendants District Attorney's Office, Officer John/Jane Doe, and Akinbayo when he was transferred from HRYCI to a prison in the Commonwealth of Pennsylvania. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). In addition, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution, whether it be inside the state of conviction or outside that state. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983). The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**D.       Grievances**

Plaintiff complains that his grievances were not addressed.  To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure, an inadequate investigation, or denial of his grievances, the claims fail, because Plaintiff has no freestanding claim based on the denial of his grievances.  *See Hayes v. Gilmore*, 802 F. App'x 84, 87-88 (3d Cir. 2020) (citing *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) ("Inmates do not have a constitutionally protected right to the prison grievance process.") (citation omitted); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, were denied, or that the grievance process is inadequate.  Therefore, the Court will dismiss all grievance claims as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**E.       Medical Negligence**

Plaintiff alleges that he was not provided adequate medical care and that negligence occurred at the HRYCI.  The Supreme Court has held that prison authorities' "mere negligence in and of itself does not violate prisoners" constitutional rights.  *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986); *see also Walker v. Reed*, 104 F.3d 156, 158 (8th Cir. 1997) (holding that prison officials' simple negligence does not amount to violation of Eighth Amendment prohibition against cruel and unusual punishment for inhuman conditions of confinement).

In addition, in Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act.  *See* 18 Del. C. §§ 6801-6865.  When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard,

7

and (3) the causal link between the deviation and the alleged injury.  *See Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (citing *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853.  To the extent Plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness.  18 Del. C. § 6853(a)(1).  Plaintiff did not comply with this requirement.  Accordingly, the negligence claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff has alleged what appear to be cognizable medical needs claim under the Eighth Amendment.  He will be allowed to proceed against Connections, Mitchell, and P.A. Doe.

## V.     REQUESTS FOR COUNSEL

Plaintiff requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate the case, the issues are complex and will require significant research and investigation, he has limited law library access and limited knowledge of the law, counsel would better enable Plaintiff to present evidence and cross-examine witnesses, he has made repeated efforts to obtain a lawyer, there will be conflicting testimony, he has a "very poor education level," he will be discharged to a prison that does not have an open law library available to inmates, and HYRCI has denied him access to his medical records.  (D.I. 15, 16)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3]  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *See Tabron*, 6 F.3d at 155.

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant; operative word in statute being "request").

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.  *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  *See Tabron*, 6 F.3d at 157.

Several of the *Tabron* factors militate against granting Plaintiff's request for counsel at this time.  To date, Plaintiff has ably represented himself and presented his claims.  In addition, this case is in the early stages, no defendant having yet been served.  Accordingly, at this time the Court finds that counsel is not necessary.  Therefore, the requests will be denied without prejudice to renew. (D.I. 15, 16)

**VI.   CONCLUSION**

For the above reasons, the Court will: (A) deny Plaintiff's requests for counsel without prejudice to renew (D.I. 15, 16); (B) dismiss all claims against Howard R. Young Correctional Institution, Delaware Department of Correction, Warden Kolawole Akinbayo, District Attorney's Office of Delaware, and C/O John/Jane Doe as frivolous and based upon Defendants' immunity from suit, pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2); and (C) allow Plaintiff to proceed against Connection Health Services, Katherine Mitchell, and Physician's Assistant Jane Doe.

An appropriate Order will be entered.

9